IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CR-19-WKW [WO] |
| | ) | |
| DATRIST MCCALL | ) | |

## **ORDER**

This cause is before the court on Defendant Datrist McCall's ("McCall") motion to withdraw his guilty plea (Doc. # 128) filed on April 11, 2011. The Government responded (Doc. # 132); McCall replied (Doc. # 133-34);[1] and the motion is ripe for consideration. For the reasons that follow, McCall's motion to withdraw his guilty plea is due to be denied.

## **I. BACKGROUND**

On February 24, 2010, a Grand Jury returned a one-count indictment against McCall, charging him with being a felon in possession of ammunition (Doc. # 1). McCall entered a plea of not guilty at his arraignment on March 2, 2010 (Doc. # 7). Following his arraignment, McCall pursued a defense strategy marked by delay. He requested and was granted three continuances of his trial (Docs. # 10, 12, 31, 35, 92, 93). He filed two motions for ineffective assistance of counsel (Docs. # 17, 24), one of which was granted "only to the extent of his request for new counsel" (Doc. # 22), the other of which was denied by Chief Magistrate Judge Susan Russ Walker (Doc. # 44), whose ruling this court affirmed on

---

[1] McCall's reply was accompanied with a motion for leave to file out of time (Doc. # 133) because computer difficulty caused the reply to be filed one day late. The motion for leave to file out of time is due to be granted.

McCall's appeal (Doc. # 57). McCall is currently on his third set of court-appointed counsel. Despite continuous, active representation by counsel, McCall also filed six *pro se* motions until ordered by this court on November 19, 2010, to file all correspondence through counsel (Doc. # 103).

On January 10, 2011, McCall filed a notice of intent to change plea (Doc. # 105). On January 14, 2011, Magistrate Judge Walker held a change of plea hearing in which McCall, through counsel, requested additional time to consider his plea agreement (Docs. # 108, 111). On January 21, 2011, Magistrate Judge Capel conducted another change of plea hearing, during which McCall was represented by counsel (Docs. # 114-16). After determining that McCall was fully competent and capable of entering his plea, and that McCall understood the nature and effects of his plea, Magistrate Judge Capel accepted the guilty plea and adjudged McCall guilty of the charged offense (Doc. # 132, Ex. 1, ("Change of Plea Hr'g Tr.") 3-12). A sentencing hearing was set for April 19, 2011 (Doc. # 119), but eight days before that hearing date, McCall filed the present motion to withdraw his guilty plea (Doc. # 128), which necessitated a continuance of his sentencing hearing (Doc. # 129).

## II. DISCUSSION

McCall's basis for withdrawing his guilty plea is his contention that "[he] did not fully understand the potential penalty he faced, . . . [and] [t]here was no mention at the plea colloquy of the fact that his sentence in the instant case may run consecutive to the federal sentence he is already serving." (Doc. # 128, at 1-2.) He also contends that allowing him to withdraw his plea would save judicial resources by averting potential appellate litigation

and a future 28 U.S.C. § 2255 filing, and would not prejudice the Government. The Government responds that the totality of the circumstances shows that McCall's plea was knowing and voluntary, that his withdrawal would not conserve judicial resources, and that the Government's case would be prejudiced based on the fading memory of witnesses.

It should first be noted that "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). After a plea is accepted and before the sentence is imposed, the Federal Rules of Criminal Procedure allow a defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the motion provides a "fair and just reason" for allowing a withdrawal, the court must consider the totality of the circumstances surrounding the plea and consider the following four factors:

> (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether the judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant would be allowed to withdraw his plea.

*United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quoting *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988)). Furthermore, "'[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal.'" *Id.* (quoting *Buckles*, 843 F.2d at 473). Applying these principles, McCall's reasons for withdrawal must be substantial in light of his nearly three month delay in seeking to withdraw his guilty plea.

3

The totality of the circumstances shows that McCall cannot establish a fair and just reason for permitting him to withdraw his guilty plea. First, he does not dispute that he has had close assistance of counsel throughout this case. This is only underscored by the fact that he is on his third round of court-appointed counsel.

Second, McCall's basis for claiming that his plea was not knowing and voluntary is belied by his own admissions at the plea colloquy on January 21, 2011:

> The Court: Are you pleading guilty of your own free will and because you are guilty?
>
> McCall: Yes, sir. . . .
>
> The Court: [Y]ou're pleading guilty to Count One, felon in possession of ammunition, which carries a term of imprisonment not to exceed ten years . . . . Is this the count that you understand you're pleading guilty to and the maximum penalty that you would face? . . .
>
> McCall: Yes, sir. . . .
>
> The Court: Have you discussed with your attorney how the advisory sentencing guidelines might apply in your case?
>
> McCall: Yes, sir. . . .
>
> The Court: Do you understand that . . . the sentence ultimately imposed may be different than any estimate your attorney has given you?
>
> McCall: Yes, sir.
>
> The Court: Do you also understand that after the initial advisory guideline range has been determined, the Court has the authority in some circumstances to depart upward or downward from that range, and . . . that may result in the imposition of a sentence that's either lesser or greater than the advis[ory] guidelines sentence?

>   McCall:      Yes, sir. . . .
>
>   The Court:   Mr. McCall, how do you plead to the charge, guilty or not guilty?
>
>   McCall:      Guilty.

(Change of Plea Hr'g Tr. 6-12.)

Further, McCall's contention that at the time of his guilty plea he did not know that his sentence in this case may run consecutive to the sentence he is currently serving carries no weight as to the voluntariness of his plea. *United States v. Saldana*, 505 F.2d 628, 628 (5th Cir. 1974) (holding that Rule 11 does not require that the judge advise a defendant in a plea colloquy that any sentence in his current case will run consecutive to a sentence he is presently serving);[2] *see also United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir. 1999). In fact, the knowing and voluntary nature of McCall's plea in this case is confirmed by the fact that he has been through the guilty plea process in this courthouse before, pleading guilty to a felon in possession of a firearm charge in May 2004 in case number 2:03-CR-184. In addition, McCall's argument that his eighth grade education may have prevented him from "fully understand[ing]" the penalty he faced does not undermine the fact that he was explicitly told in plain language that he could face a ten-year sentence on this charge. Further, McCall received a full forensic psychological examination (Doc. # 40) and was found competent to stand trial on August 30, 2010 (Doc. # 48).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Third, McCall's motion to withdraw his guilty plea will not conserve judicial resources. As already discussed in detail, McCall's defense strategy has been one predicated on delay and excessive consumption of judicial resources, and there is absolutely no indication that a favorable ruling on this motion will alter those practices in the future.

Fourth, McCall's arguments do nothing to alleviate the Government's concerns about the fading memories of its witnesses. Finally, McCall's motion to withdraw his guilty plea was made only eight days before sentencing, thereby increasing the wide margin by which this motion fails to make the showing necessary to withdraw his guilty plea. Based on the totality of the circumstances, there is no fair and just reason to allow McCall to withdraw his guilty plea.

### III.  CONCLUSION

Accordingly, it is ORDERED that McCall's motion for leave to file his reply out of time (Doc. # 133) is GRANTED, McCall's motion to withdraw his guilty plea is DENIED (Doc. # 128), and sentencing in this matter is RE-SCHEDULED for **June 29, 2011 at 9:30 a.m.**, in Courtroom 2E of the Frank M. Johnson, Jr. U.S. Courthouse, One Church Street, Montgomery, Alabama.

Further, it is ORDERED that the United States Marshal is DIRECTED to arrange for Defendant's appearance at this hearing.

DONE this 16th day of May, 2011.

                                            /s/ W.  Keith Watkins
                                   UNITED STATES DISTRICT JUDGE